| | |
|---|---|
| 1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP** |
| 2 | TIMOTHY R. LORD, SB# 213062<br>One Sansome Street, Suite 1400<br>San Francisco, California 94104 |
| 3 | Telephone:   (415) 362-2580<br>Facsimile:    (415) 434-0882 |
| 4 | Email:        lord@lbbslaw.com |
| 5 | Attorneys for Plaintiff |
| 6 | GLOBAL CONTAINER LINES |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

C 05 3090 CW

| | |
|---|---|
| GLOBAL CONTAINER LINES, | ) CASE NO. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT AND REQUEST FOR**<br>) **DECLARATORY RELIEF** |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) **IN ADMIRALTY** |

Global Container Lines (hereinafter "Plaintiff") alleges, upon information and belief, as follows:

**JURISDICTION**

1. This action against defendant United States of America invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1331; the Administrative Procedures Act, 5 U.S.C. §§ 702-706, the Privacy Act, 5 U.S.C. 552(a); and by way of request for Declaratory Judgment pursuant to 28 U.S.C. § 2201. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e).

**BACKGROUND**

2. At all material times, Plaintiff was a corporation and owns several cargo vessels that are used to transport various cargoes to foreign destinations throughout the world.

Plaintiff has its principle place of business in Garden City, New York but has and does do business within this District..

3.  At all material times, Defendant is amenable to suit within the jurisdiction of this Court.

4.  Congress has authorized the purchase of agricultural commodities produced in the United States for export to developing countries in order to promote its foreign policy, develop and expand international trade and markets, and fight world hunger. The Department of State through its United States Agency for International Development (hereinafter "USAID"); the United States Department of Agriculture (hereinafter "USDA") through its various agencies and the Commodity Credit Corporation (hereinafter "CCC") implement this policy as it involves so called "food aid" cargo.

5.  Plaintiff entered into numerous contracts with the United States for the Ocean Transportation of "food aid" cargo from designated domestic ports to foreign countries in accordance with the statutes, rules, regulations, guidelines, notices to the trade and other policies and contractual provisions that govern these ocean transportation agreements authorized by the Agriculture Trade Development and Assistance Act of 1954, as amended ("P.L. 480") and its Title I, II and III Food For Peace Program; the Food For Progress Act of 1984; Section 416(b) of the Agricultural Act of 1949; and the amendments thereto contained in Title XV of the Food, Agriculture, Conservation, and Trade Act of 1990.

## THE CONTRACTS IN DISPUTE

6.  Defendant claims Plaintiff breached two contracts for the ocean transportation of food aid cargo.

7.  Upon information and belief, the operative documents setting forth the terms and conditions of the agreements for the carriage of food aid cargo by Plaintiff are contained in contracts issued to Plaintiff.

8.  The contracts were drafted solely by the government and incorporate wholesale hundreds of government regulations promulgated by Defendant and its agencies as binding terms,

as well as various Notices to the Trade, Booking Guidelines and other proclamations issued by government agencies.

9. Defendant's preemptive and total control over the cargo and the shipping process is evidenced by the terms and conditions of the Contracts that set out the obligations of the contracting parties.

10. At all material times, Defendant owned and controlled, or was the de-facto owner and shipper of the cargo at issue in each contract.

11. Defendant at all times retained full authority to amend or overrule any term, provision or agreement in the Contracts.

12. Defendant paid all of the administrative expenses incurred in the contracting process, including the ocean freight.

13. Defendant issued guidelines as part of its oversight authority in the Contracts that provided Plaintiff protection against specified unauthorized federal government conduct as guaranteed by the right to due process pursuant to the Fifth Amendment of the United States Constitution.

14. Defendant's use of designated Private Voluntary Organizations or Cooperating Sponsors (hereinafter collectively referred to as "PVO's") as the nominal contracting party in these Contracts is simply a procedural expedient, and a diplomatic consideration to avoid embarrassing the governments receiving the donated cargo.

15. Defendant reimbursed the PVO's for all of their administrative and other costs incurred in the transportation of the food aid cargo by Plaintiff.

16. Defendant solicited bids for each contract.

17. Defendant designed and controls the system that selected the Plaintiff winning bids for ocean transportation of food aid cargo and calculated the lowest landed cost for its purchase and transportation.

18. Defendant awarded each of the contracts to Plaintiff.

19. Defendant controlled the delivery destination of the food aid cargo.

20. Defendant retained authority over the conduct of the PVO's and Plaintiff throughout the duration of the contracts.

21. Defendant is the de-facto contracting party with Plaintiff on all of the contracts.

22. Defendant entered into an implied-in-fact contract with Plaintiff.

23. Defendants entered into an implied-in-law contract with Plaintiff.

24. Plaintiff are third party beneficiaries to the contracts.

25. Defendant is a contracting party with Plaintiff, and Plaintiff is contractor with Defendant by reason of obtaining an assignment of rights before, during or after the contracts were entered into with Plaintiff.

## THE CLAIMS

26. Upon information and belief, Defendant is seeking to recover on Carrying Charges allegedly incurred when Plaintiff failed to meet the loading date.

30. Under the threat of what is now known to be unauthorized and unconstitutional government action adversely affecting Plaintiff and its business reputation and standing, Plaintiff was coerced and compelled to compromise the claims.

31. Plaintiff has received correspondence and harassing phone calls from private collection services on the claims.

## DEFENDANT FAILED TO ACT IN ACCORDANCE WITH THE LAW

32. Nowhere in the correspondence sent by Defendant to Plaintiff is there a citation to applicable contract term, statute, regulation, policy, guideline or other authority as the basis for its unilateral action creating a debt, nor could Plaintiff identify specific claim amounts from the correspondence from Defendant.

33. At all material times, the Carriage of Goods by Sea Act, 46 U.S.C.§ 1300 et seq. (hereinafter "COGSA") governs disputes on the contracts.

34. Pursuant to COGSA, a determination of liability on the contracts, and therefore establishment of a debt to Defendant by Plaintiff, whether it applies by operation of law or contract, can only be brought to judgment by judicial decree from a competent court.

35. There is no statute, regulation or other authorizing law that allows the executive branch of the United States government to make an administrative finding of liability against Plaintiff for damages arising out of a maritime ocean transportation contract for food aid cargos where COGSA is incorporated as a contract term.

36. In each contract at issue here, Defendant made unilateral determinations of liability and damages purporting to be sufficient to establish a judgment, create a debt and erroneously invoke the authority of the United States administrative collection process – all in violation of the governing contractual terms and regulations.

37. In each of the contracts at issue, Defendant, through its Departments and Agencies, ignored its legal obligations and instead initiated an ad-hoc claim process that purported to determine liability and damages, render a judgment, create a debt, and utilize collection proceedings -- all under the imprimatur of government authority.

38. Defendant brought claims against Plaintiff on the contracts involving disputes on ocean transportation of food aid cargo that were not specifically governed by any regulation or statute.

39. Plaintiff filed its Administrative Claim with the appropriate Contracting Officers of Defendant in accordance with the provisions of the Contracts Dispute Act of 1978, 41 U.S.C. §§ 601-613.

40. Defendant denied the Administrative Claim.

**FIRST CAUSE OF ACTION:**

**BREACH OF CONTRACT AND APPEAL PURSUANT TO THE CONTRACT DISPUTES ACT AND SUITS IN ADMIRALTY ACT**

41. Plaintiff hereby incorporates paragraphs 1 through 40 above.

42. Plaintiff had express contracts with Defendant.

43. Plaintiff had implied-in-fact contracts with Defendant.

44. Plaintiff had implied-in-law contracts with Defendant.

45. Plaintiff is a third party beneficiaries to each contract.

46. Upon information and belief, before, during or prior to the termination of each contract, Defendant received from the PVO an assignment of rights, therefore was in privity of contract with Plaintiff at all material times.

47. Plaintiff is a contractor as defined by the CDA and applicable law.

48. Defendant paid or reimbursed the PVO's for all costs associated with the ocean transportation contracts.

49. Defendant's Agencies and their Contracting Officers made determinations as to Plaintiff's liability for damages involving each contract.

50. The Defendant, without sufficient proof, through its Departments and Agencies, wrongly established a debt by Plaintiff and implemented debt collection and offset procedures pursuant to inapplicable federal regulations and laws to collect on Plaintiff's alleged debts owed to Defendant.

51. Defendant's use of unauthorized and illegal procedures to collect on alleged debts constituted bad faith and unfair dealing with the specific intent to utilize these procedures to obtain recovery otherwise not entitled.

52. The contracts are for maritime services.

53. As a result of its unauthorized and illegal conduct, Defendants were unjustly enriched in the amount of claims erroneously paid by Plaintiff or otherwise set-off by Defendant under the guise of federal statutory or regulatory authority.

**SECOND CAUSE OF ACTION:**

**APPEAL PURSUANT TO THE ADMINISTRATIVE PROCEDURES ACT**

The Administrative Procedures Act (hereinafter "APA"), 5 U.S.C. §§ 702-706 provides for judicial review of government agency conduct pertaining to the conduct of Government Agencies involved in contracts for ocean transportation of food aid cargo.

54. Plaintiff hereby incorporates paragraphs 41 through 53 above.

55. The conduct described in the allegations of this Complaint by employees of Defendant and its Agencies, including Defendant's debt collection and set-off procedures as used against the Plaintiff were arbitrary capricious, an abuse of discretion, or otherwise contrary to law;

contrary to constitutional right powers, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and without observance of procedure required by law under the Administrative Procedures Act.

### THIRD CAUSE OF ACTION:

**ATTORNEYS FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE AND ADMINISTRATIVE PROCEDURES ACTS**

56. Plaintiff hereby incorporates paragraphs 54 though 55 above.

57. Plaintiff's Administrative and other contract claims were denied by an agency of the United States.

58. Defendant's position throughout the entire course of this dispute was not substantially justified.

59. Plaintiff has incurred costs and fees in presenting its claims throughout the course of this dispute.

60. No special circumstances make an award of attorneys' fees and costs unjust.

61. Plaintiff is entitled to costs and attorneys' fees incurred throughout the course of this dispute pursuant to the Equal Access to Justice and Administrative Procedure Acts.

### FOURTH CAUSE OF ACTION:

**VIOLATION OF THE DUE PROCESS CLAUSE**

62. Plaintiff hereby reincorporate paragraphs 56 through 61 above.

63. Defendant implemented procedures that deprived Plaintiff its economic interests and property rights in violation of the Due Process Clause of the Fifth Amendment to the Constitution of the United States.

64. Defendant failed to implement or follow procedures sufficient to identify and inform Plaintiff of the factual, contractual, regulatory or any other legal authority for establishing the alleged debts.

65. Defendant established the alleged debts without sufficient factual, contractual, regulatory or other legal authority.

66. Defendant failed to provide Plaintiff with adequate notice and hearing procedures to contest the establishment of the alleged debts.

67. Defendant implemented procedures to collect on the alleged debts that deprived Plaintiff' economic and property interests without factual, contractual, regulatory or other legal authority.

68. Defendant violated its own regulations and contractual authority in exacting money from Plaintiff without proper authority.

69. Defendant's use of an ad-hoc claim process that purported to determine liability and damages against Plaintiff, render a judgment, create a debt, and utilize collection proceedings all under the imprimatur of government authority violated Plaintiff's Constitutional rights to due process as guaranteed by the Fifth Amendment.

**FIFTH CAUSE OF ACTION:**

**DECLARATORY RELIEF**

70. Plaintiff hereby reincorporates paragraphs 62 through 69 above.

71. Plaintiff seeks a declaration from this Court that:

   A. Plaintiff has standing in this action pursuant to the Contract Disputes Act;

   B. Defendant is the proper party defendant in this action pursuant to the Contract Disputes Act;

   C. Defendant has not presented sufficient evidence to prove that that Plaintiff owes Defendant a debt or otherwise liable to Defendant for any claim of damages or loss under the applicable contract or law;

   D. Defendant's debt creation, collection and set-off procedures as utilized against Plaintiff on all claims presented violated the Due Process Clause Fifth Amendment to the Constitution;

   E. Defendant's debt collection and set-off procedures as used against Plaintiff was arbitrary capricious, an abuse of discretion, or otherwise contrary to law; contrary to constitutional right powers, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of

statutory right; and without observance of procedure required by law under the Administrative Procedures Act;

F. Defendant did not have the legal authority to set-off monies allegedly owed by Plaintiff on any debts;

G. Defendant illegally exacted monies from Plaintiff paid under economic duress and misrepresentation and other conduct;

H. Defendant was unjustly enriched by the coerced and otherwise mistaken or erroneous payment of claims by Plaintiff;

I. Defendant shall return all monies mistakenly or erroneously paid by Plaintiff toward the claims of the United States, plus interest and costs;

J. Defendant shall document its errors in writing and inform all agencies to remove all evidence of any claims against Plaintiff in their records and inform all collection agencies used to do likewise.

K. Defendant shall issue a letter of retraction of the claims to Plaintiff.

L. Defendant's position throughout this dispute was not substantially justified;

M. Plaintiff is the prevailing party entitled to costs and attorneys fees accrued throughout this dispute as allowed by the Equal Access to Justice and Administrative Procedures Acts

**DAMAGES**

72. To date, Plaintiff has incurred costs in excess of $50,000.00 in handling, processing and defending Defendant's claims.

**WHEREFORE**

73. Plaintiff requests an entry of judgment against Defendant in an amount to be proven at trial exceeding $100,000.00, including interest, costs and attorneys' fees;

74. Plaintiff seeks declaratory relief and judgment against Defendant for monies erroneously paid, plus interest, costs and attorneys' fees, in an amount exceeding $100,000.00 to be proven at trial and that Defendants be ordered to retract all documentary evidence of Plaintiff's

1  alleged debt, and that Defendant issue a letter of retraction to Plaintiff and all other declaratory
2  relief as stated in this Complaint; and

3      75.    Plaintiff receives any and all other relief deemed appropriate by this Court.

5  DATED: July 29, 2005        LEWIS BRISBOIS BISGAARD & SMITH LLP

7  By *[signature]*
   Timothy R. Lord
   Attorneys for Plaintiff
   GLOBAL CONTAINER LINES

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4850-4141-8496.1

-10-

COMPLAINT AND REQUEST FOR DECLARATORY RELIEF